Jenny H. Wang CA Bar No. 191643
jenny.wang@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Liberty Life Assurance Company of Boston

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| DIANE R. TORNINCASA,<br><br>    Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>    Defendant. | Case No. 2:19-CV-02002-MCE-KJN<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Complaint<br> Filed:    October 3, 2019<br>Trial Date:  None Set |

Pursuant to the stipulation of the parties, by and through their counsel of record, with good cause shown, IT IS HEREBY ORDERED as follows:

## 1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby jointly move the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Pursuant to Civil Local Rule 141(c)(1), the parties state as follows:

(a) <u>Description of the Types of Information Eligible for Protection Under this Order</u>: Confidential, proprietary and/or trade secret information belonging to Liberty, including but not limited to internal claims handling guidelines, training materials and Liberty's contracts with third parties.

(b) <u>Particularized Need for Protection</u>: The above information requires protection insofar as it relates to private business activity of Liberty that Liberty does not share with its competitors.

(c) <u>Why the Need for Protection Should be Addressed by Court Order</u>: While the parties have cooperated in the drafting of this proposed protective order, they seek additional judicial protections as set forth herein in order to protect the confidentiality of the private business information described above.

## 2. DEFINITIONS.

**2.1 Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

**2.2 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3 "Confidential" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.4 "Highly Confidential — Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information or Items" whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

**2.5 Receiving Party:** a party that receives Disclosure or Discovery Material from a Producing Party.

**2.6 Producing Party:** a party or non-party that produces Disclosure or Discovery Material in this action.

**2.7 Designating Party:** a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

**2.8 Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

**2.9 Outside Counsel:** attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

**2.10** **House Counsel:** attorneys who are employees of a party.

**2.11** **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.12** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a party or of a competitor of a party's and who, at the time of retention, is not anticipated to become an employee of a party or a competitor of a party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.), and their employees and subcontractors.

**3.** **SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any privileged information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.** **DURATION.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL.**

**5.1** **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for

1 protection under this Order must take care to limit any such designation to
2 specific material that qualifies under the appropriate standards. A Designating
3 Party must take care to designate for protection only those parts of material,
4 documents, items, or oral or written communications that qualify so that other
5 portions of the material, documents, items, or communications for which
6 protection is not warranted are not swept unjustifiably within the ambit of this
7 Order.

8     Mass, indiscriminate, or routinized designations are prohibited. Designations
9 that are shown to be clearly unjustified, or that have been made for an improper
10 purpose (e.g., to unnecessarily encumber or retard the case development process, or
11 to impose unnecessary expenses and burdens on other parties), may expose the
12 Designating Party to sanctions.

13     If it comes to a party's or a non-party's attention that information or items that
14 it designated for protection do not qualify for protection at all, or do not qualify for
15 the level of protection initially asserted, that party or non-party must promptly notify
16 all other parties that it is withdrawing the mistaken designation.

17     **5.2**    **Manner and Timing of Designations.** Except as otherwise
18 provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or
19 as otherwise stipulated or ordered, material that qualifies for protection under
20 this Order must be clearly so designated before the material is disclosed or
21 produced. Designation in conformity with this Order requires:

22     (a)    For information in documentary form (apart from transcripts of
23 depositions or other pretrial or trial proceedings), that the Producing Party affix the
24 Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'
25 EYES ONLY" on each page that contains Protected Material. If only a portion or
26 portions of the material on a page qualifies for protection, the Producing Party also
27 must clearly identify the protected portion(s) (e.g., by making appropriate markings
28 in the margins) and must specify, for each portion, the level of protection being

asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY").

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty

Tornincasa 19-2002.stip Protective

5 Case No. 2:19-CV-02002-MCE-KJN
CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

(20) days after receipt of transcripts from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(d) Depositions taken prior to the effective date of this Protective Order and discovery produced prior to the effective date of the Protective Order may not be retroactively designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" and are not subject to this Order in any way.

**5.3** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS'

Tornincasa 19-2002.stip Protective

EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

**6.1    Timing of Challenges:** Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the parties agree that the outer time limit for challenging a confidentiality designation shall be 30 days from the date of production.

**6.2    Meet and Confer.** A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**6.3 Judicial Intervention.** A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion to challenge confidentiality in compliance with Civil Local Rule 230 or 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL.

**7.1. Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below ("FINAL DISPOSITION"). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A". Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author of the document or the original source of the information.

**7.3** **Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

Tornincasa 19-2002.stip Protective

disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

    (b)    House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who has signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit "A";

    (c)    Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A";

    (d)    the Court and its personnel;

    (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit "A"; and

    (f)    the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible), immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must

Tornincasa 19-2002.stip Protective

1 immediately inform, in writing, the party who caused the subpoena or order to
2 issue in the other litigation that some or all the material covered by the subpoena
3 or order is the subject of this Protective Order. In addition, the Receiving Party
4 must deliver a copy of this Protective Order promptly to the party in the other
5 action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

**10.    FILING PROTECTED MATERIAL.**

Documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," and all information contained therein or derived therefrom, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are

1 stamped "confidential" and separately filed provisionally under seal with the
2 Clerk of the Court. The parties recognize that Civil Local Rule 141 governs the
3 filing of documents under seal with the Court. The parties hereby agree either
4 party can request that the Court file documents under seal through an ex-parte
5 application through which the party obtains a hearing date for such a motion on
6 shortened time as allowed by the Court. The non-moving party will be provided
7 notice of the ex-parte application and the motion that is the subject of the
8 application.

**11.  FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, upon final termination of this action, each Receiving Party shall have fifteen (15) days to return or destroy any Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all hard and electronic copies, abstract, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. All electronic copies of Protected Material shall be destroyed in the agreed-upon timeframe and the Receiving Party shall provide a written certification of the destruction. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material existing in hard copy format instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the fifteen (15) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or, other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

Tornincasa 19-2002.stip Protective

12  Case No. 2:19-CV-02002-MCE-KJN
CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("DURATION"), above.

**12. MISCELLANEOUS.**

    **12.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **12.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED**

DATED: March 23, 2020    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jenny H. Wang*
Jenny H. Wang
Attorneys for Defendant
Liberty Life Assurance Company of Boston

DATED: March 23, 2020    ERISA LAW CENTER

By: */s/ Robert J. Rosati*
Robert J. Rosati
Attorneys for Plaintiff
Diane R. Tornincasa

# **ORDER**

The Court has reviewed the parties' stipulated protective order, which complies with the relevant authorities and the Court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the Court GRANTS the request subject to the following clarification.

It is unclear as to the parties' intent concerning the duration of the Court's jurisdiction regarding this protective order. The Local Rules indicate that once this action is closed, "unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case, and the Court sees no reason to do so here. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., February 03, 2017). Thus, for clarity, the undersigned informs the parties that once the case is closed, the Court will not retain jurisdiction over any disputes regarding this protective order.

Dated: March 27, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

torn.2002

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
 (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
 (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
 (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

EXHIBIT "A"

_____, declare as follows:

1. My address is

2. My present employer is

3. My present occupation or job description is I received a copy of the Confidentiality Agreement and Protective Order for the matter of *Diane R. Tornincasa v. Liberty Life Assurance Company of Boston, et. al,* United States District Court, Eastern District of California, Case No. 2:19-CV-02002-MCE-KJN ("Protective Order").

4. I have carefully read this Protective Order and certify that I understand its provisions.

5. I agree to comply with all the provisions of this Protective Order.

6. Subject to the terms of the Protective Order, I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information contained in the Protected Material that is disclosed to me in this case.

7. Subject to the terms of the Protective Order, I will use such information that is disclosed to me only for purposes of this case.

8. Upon request, I will return and deliver all Protected Material that comes into my possession, and all documents or things that I have prepared relating thereto, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the Protected Material.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _____ day of, 2020, at [City], [State].

_____
Signature (Name)

Tornincasa 19-2002.stip Protective

15 Case No. 2:19-CV-02002-MCE-KJN
CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER