UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE R. TORNINCASA, | No. 2:19-cv-02002-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

Plaintiff Diane R. Tornincasa ("Plaintiff") brings this suit against Defendant Liberty Life Assurance Company of Boston ("Defendant") stating claims arising out of the denial of disability benefits. In response to Plaintiff's Complaint, Defendant filed an Answer asserting a number of affirmative defenses, several of which Plaintiff now moves to strike. ECF Nos. 7, 9. For the reasons set forth below, Plaintiff's Motion to Strike is DENIED.[1]

///

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**ANALYSIS**

At the outset, the Court notes that the parties have narrowed the matters in dispute since the filing of Plaintiff's Motion, by which she sought to strike Defendant's first through fifth and seventh affirmative defenses and to deem admitted paragraphs 11, 76, 80, 102, and 110 in her Complaint.  Defendant has now withdrawn its first five defenses, and Plaintiff concedes that Defendant's answer to paragraph 11 is proper.  Accordingly, Plaintiff's Motion is DENIED as moot as to those issues.  Plaintiff's remaining arguments are addressed in turn.

### A.     Motion to Strike Seventh Affirmative Defense (Unclean Hands)

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [] claim, even if all the allegations in the complaint are true."  Black's Law Dictionary (10th ed. 2014).  Plaintiff makes her motion under Federal Rule of Civil Procedure 12(f),[2] which allows a party to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff contends that the heightened pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses.  However, this Court has already held that Kohler v. Flava Enters., 779 F.3d 1016 (9th Cir. 2015) resolves the issue of which pleading standard applies to affirmative defenses:  "[T]his Court now applies the 'fair notice' standard, and not the heightened pleading standard announced in Twombly and Iqbal, when evaluating motions to strike affirmative defenses."  Edwards v. Cty. of Modoc, No. 2:14-cv-02646-MCE-KJN, 2015 WL 4456180, at *1 (E.D. Cal. July 20, 2015).  This is because the Ninth Circuit explained in Kohler that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"  Kohler, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1998)). Plaintiff provides no reasons for why this Court's prior interpretation of Kohler is incorrect, and therefore the Court analyzes Plaintiff's motion under the "fair notice" standard.

In its seventh affirmative defense, Defendant contends that Plaintiff's claims are barred under the doctrine of unclean hands. "This statement, despite being vague and general, does put Plaintiff on notice of Defendant's intentions to claim an affirmative defense under the doctrine of unclean hands." Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Therefore, Plaintiff's Motion to Strike Defendant's seventh affirmative defense is DENIED.

**B.   Motion to Deem Paragraphs 76, 80, 102, and 110 Admitted**

The Court concludes that each of Defendant's responses is appropriate and the allegations in Plaintiff's Complaint should not be deemed admitted. Defendant appropriately responded to Paragraphs 80, 102, and 110 by noting that "[Defendant] submits that [the paragraph] consists of legal conclusions to which no response is required. To the extent any facts are alleged, [Defendant] denies." Def.'s Answer, ECF No. 7. That is all that is required. See Li v. A Perfect Franchise, Inc., No. 5:10-cv-01189 LHK, 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011) ("Where defendants deny factual allegations in addition to identifying legal conclusions, Ninth Circuit district courts generally decline to strike defendants' answers."). Nor is Defendant's response to Paragraph 76 insufficient, which very clearly denied the allegation that "Plaintiff . . . has performed all conditions precedent on Plaintiff's part to be performed under the terms of The Policy." Whether conditions have been performed is central to resolution of the case and thus the denial is appropriate.

///

///

///

///

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated: May 19, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE